**Opinion filed November 22, 2017**



In The

# Eleventh Court of Appeals

_____

### Nos. 11-17-00192-CR & 11-17-00193-CR

_____

## JOHN MICHAEL RAY MARSH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause Nos. 16280 & 15898**

## M E M O R A N D U M   O P I N I O N

John Michael Ray Marsh, Appellant, originally pleaded guilty in trial court cause no. 15898 to aggravated assault with a deadly weapon. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for five years. The State subsequently filed a motion to proceed with an adjudication of guilt, and Appellant pleaded true to all of the allegations in the motion to adjudicate. The trial court found the allegations to be

true, revoked Appellant's community supervision, adjudicated him guilty of aggravated assault with a deadly weapon, and assessed his punishment at confinement for sixteen years and a fine of $1,500. In trial court cause no. 16280, the trial court convicted Appellant, upon his open plea of guilty, of the offense of theft with two prior theft convictions. The trial court assessed punishment for this offense at confinement for two years in a state jail facility and a fine of $1,500. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw in each appeal. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeals are frivolous. With respect to each cause, counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the appellate record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief. Appellant has not filed a response.

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in each cause, and we agree that the appeals are without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim.

App. 2009).  In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt.  *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).  Furthermore, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt.  *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).  Based upon our review of the record in each cause, we agree with counsel that no arguable grounds for appeal exist.

We note that counsel has the responsibility in each case to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court.  TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68.").  Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motions to withdraw are granted, and the appeals are dismissed.


PER CURIAM


November 22, 2017

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3